# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STARBUZZ TOBACCO, INC.,
a California Corporation,

        Plaintiff,

v.

SKYHIGH TOBACCO SHOP LLC, a
Michigan Limited Liability Company,
AYMEN TALEB, an individual, and
QUALITECH ENGINEERING
SOLUTIONS LLC, a Michigan
Limited Liability Company doing
business as SKYHIGH TOBACCO

        Defendants.

**DEMAND FOR TRIAL BY JURY**

Civ. No.

**COMPLAINT FOR:**

1) **TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. § 1114)**

2) **TRADEMARK INFRINGEMENT (UNDER 15 U.S.C. § 1125)**

3) **MICHIGAN COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

4) **TRADE DRESS INFRINGEMENT (UNDER 15 U.S.C. § 1125)**

5) **VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT (§ 445.901, et seq.)**

6) **COPYRIGHT INFRINGEMENT**

Natu J. Patel, CA State Bar No. 188618
(*Admitted in the Eastern District of Michigan*)
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, CA 92653
Office:      949.955.1077
Facsimile:   949.955.1877

Attorney for Plaintiff,
Starbuzz Tobacco, Inc.

For its complaint ("Complaint") against Defendants Skyhigh Tobacco Shop, LLC ("Skyhigh"), Aymen Taleb ("Taleb"), and Qualitech Engineering Solutions, LLC doing business as Skyhigh Tobacco ("Qualitech"), Plaintiff Starbuzz Tobacco, Inc. ("Plaintiff" or "Starbuzz") alleges as follows:

## **PARTIES**

1.      Plaintiff, Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business in the City of Garden Grove, California.

2.      Starbuzz is informed and believes, and on that basis alleges, that Defendant Qualitech, is now, and at all times relevant herein was, a Michigan limited liability company with a principal place of business located at 21019 Fairview Dr., Dearborn Heights, Michigan, 48127.  Starbuzz is further informed and believes, and on that basis alleges, that Qualitech is doing business in the State of Michigan as Skyhigh Tobacco.

3.      Starbuzz is informed and believes, and on that basis alleges, that Defendant Skyhigh, is now, and at all times relevant herein was, a Michigan limited liability company with a principal place of business located at 25305 Warren St., Dearborn Heights, Michigan, 48127.

4.     Starbuzz is informed and believes, and on that basis alleges, that Defendant Taleb, is an individual who is now, and all times relevant herein was, a citizen or permanent resident of the United States and a citizen of the State of Michigan, who is domiciled in Michigan.

5.     Starbuzz is informed and believes, and on that basis alleges, that Taleb is responsible for controlling and directing the activities of Qualitech and Skyhigh.  Taleb, Qualitech, and Skyhigh are collectively referred herein as "Defendants."

6.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for their acts and for their conduct, which are the true legal causes for the damages herein alleged.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, in that this Complaint raises federal questions under the United States Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.     The Court also has personal jurisdiction over the Defendants because the Defendants have engaged in business activities in and directed at the State of Michigan and has committed tortious acts within the State.  Qualitech and Skyhigh

are both Michigan limited liability companies located in the Eastern District of

Michigan.  Taleb is a resident of Dearborn Heights, which is similarly located in

the Eastern District of Michigan.  Defendants have purposefully availed

themselves of the opportunity to conduct commercial activities in this forum.

Plaintiff's Complaint arises out of those commercial activities.

8.     Venue is also proper in this district under 28 U.S.C. § 1391 (b) and (c)

in that Defendants reside in this district, that substantial injury occurred and

continues to occur in this district, and a substantial number of the events on which

the claims in this Complaint are based took place in this district.

## AGENCY

7.     At all times herein mentioned each Defendant was the agent, servant,

joint venturer, partner or employee of the other Defendants, successor

corporations, successors in interest, or entities and, in doing the things herein

alleged, was acting within the purpose and scope of said agency or employment at

the time of the incident.  All Defendants were acting within the scope and course

of that agency and employment and with the knowledge and implied and/or

express consent and permission of the other Defendants.

## ALTER EGO

8.     Taleb is, and at all times relevant hereto was, the owner of Skyhigh

and Qualitech.  Taleb maintains such pervasive authority and control over

Qualitech and Skyhigh such that he directs and controls them.

9.    There is a unity of interest and ownership between Taleb, Skyhigh and Qualitech, such that, separate entities do not exist.  Moreover, Taleb operates Skyhigh and Qualitech to his own benefit with the specific intent of unfairly competing with Starbuzz.

10.    Plaintiff is informed and believes, on that basis alleges, that the identity of Taleb, Qualitech, and Skyhigh are in substance one and the same, and that Skyhigh and Qualitech are the alter egos of Taleb, acting solely as conduits for the performance of Skyhigh and Qualitech, and as a device to cause harm or prejudice to those dealing with them.

11.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Skyhigh and Qualitech are undercapitalized, that Taleb treated their assets as his own, that Taleb failed to keep separate bank accounts for Skyhigh and Qualitech, and that Taleb comingled his personal funds with Skyhigh and Qualitech funds.

12.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Taleb also ignores the separate existence of Skyhigh and Qualitech in numerous ways including, but not limited to, their failure to conduct regular meetings of members and their failure to obtain the members' written consent or approval of company actions.

13.    If the actions of Skyhigh and Qualitech are considered alone, an inequitable result will follow such that Taleb, as the principal who has directed them to injure Plaintiff, will avoid liability.

14.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Taleb participated in, was aware of, and acquiesced in the fraudulent practices of Skyhigh and Qualitech, and as a tortfeasor, would be jointly and severally liable for such violations.

15.    Taleb's actions are directly attributable to Skyhigh and Qualitech. Hereinafter, any actions alleged to be conducted by Skyhigh and Qualitech are intended to refer to Taleb personally and on behalf of Skyhigh and Qualitech.

## <u>INTRODUCTION</u>

16.    This case is about Defendants' egregious infringement of Starbuzz's intellectual property rights, and other violations of federal and state law.  It is egregious because Defendants have intentionally adopted, used, and continue to use trademarks, trade dress, and copyrighted artwork that are identical or substantially similar to Starbuzz's trademarks, trade dress, and copyrighted artwork in order to unfairly compete with Starbuzz and to trade upon Starbuzz's goodwill.

17.    As a manufacturer and supplier of premium hookah tobacco and flavored tobacco, as well as a distributor of hookahs, electronic cigarettes, and other related products worldwide, Starbuzz has obtained over three hundred fifty

(350) federally registered trademarks in the United States, and has sought to obtain worldwide intellectual property protection in more than fifty (50) countries.

18.   With full knowledge of Starbuzz's expansive trademarks, trade dress, copyrighted artwork, and related reputation for its high-quality flavored tobacco products, Defendants intentionally adopted, used, and sold flavored tobacco products which infringe upon Starbuzz's intellectual property.

19.   Defendants are aware that their actions are specifically prohibited and are on notice that Starbuzz has not consented to their actions in any way.

20.   By this Complaint, Starbuzz seeks to prevent deception, consumer confusion, mistake, annoyance, and loss of customer goodwill, and to protect its intellectual property and reputation from intentional copying and infringement.

## FACTS
## OWNERSHIP OF THE STARBUZZ MARKS AND COPYRIGHTED DESIGN

21.   Starbuzz owns several trademark registrations from the United States Patent and Trademark Office ("USPTO") for hookah tobacco and related products:

| Mark | Registration No. | Register | First Use As Early As |
|---|---|---|---|
| STARBUZZ | 3,113,110 | Principal | January 1, 2005 |
| STARBUZZ TOBACCO | 3,653,296 | Principal | January 11, 2005 |
|  | 3,783,438 | Principal | May 2, 2008 |

| STARBUZZ TOBACCO SINCE 2005 | | | |
|---|---|---|---|
| SKYZZZ | 4,158,124 | Principal | October 12, 2010 |
| SKYBUZZ | 4,158,123 | Principal | October 12, 2010 |
| CITRUS MIST | 3,695,500 | Principal | March 4, 2008 |
| BLUE MIST | 3,619,407 | Principal | December 1, 2006 |
| DOUBLE APPLE | 4,020,760 | Supplemental | January 13, 2005 |
| GRAPE FREEZE | 4,583,301 | Principal | July 12, 2013 |
| MARGARITA FREEZE | 4,635,339 | Principal | June 18, 2013 |
| FUZZY LEMONADE | 3,788,359 | Principal | February 9, 2010 |
| OCEAN MIST | 4,725,987 | Principal | June 30, 2011 |
| DESERT ROSE | 3,619,355 | Principal | January 9, 2008 |
| IRISH KISS | 4,291,184 | Principal | January 27, 2012 |
| SEX ON THE BEACH | 3,838,818 | Principal | January 4, 2006 |
| SAFARI MELON DEW | 3,619,357 | Principal | January 2, 2007 |
| COCO JUMBO | 4,182,041 | Principal | June 22, 2011 |
| WILDBERRY MINT | 3,726,857 | Supplemental | June 27, 2006 |
| WHITE BEAR | 4,908,762 | Principal | January 30, 2015 |

True and correct copies of the registration certificates for each of these trademarks (collectively, the "Starbuzz Marks") are attached collectively hereto as **Exhibit A.**

22.     In addition, Starbuzz sells its tobacco products, and other related

products bearing the following copyrighted artwork (the "Copyrighted Design"):



23.     Starbuzz applied to register the Copyrighted Design with the United

States Copyright Office on or about January 21, 2013.  On or about January 30,

2013, the Copyright Office issued a Certificate of Registration for the Copyrighted

Design, Registration No. VA 1-873-059.  A true and correct copy of the Certificate

of Registration and a picture of the Copyrighted Design are attached hereto as

**Exhibit B**.

24.     Starbuzz's flavored tobacco products are manufactured and sold

throughout the United States using Starbuzz's unique and distinguishable trade

dress (the "Starbuzz Trade Dress").  This trade dress utilizes, among other things,

Starbuzz's distinctive style of fonts, colors, texts, imaging, labeling, packaging,

and artwork.

25.     For the past several years, Starbuzz has been using the Starbuzz

Marks, Copyrighted Design, and Starbuzz Trade Dress in commerce.

26.     At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress in connection with the sale of tobacco, tobacco alternatives, and other related products, and has the full and exclusive rights to bring suit to enforce its copyrights and trademark rights, including the right to recover for past infringement.

## STARBUZZ'S CONTINUOUS USE OF ITS MARKS, DESIGN AND TRADE DRESS

27.     Starbuzz manufactures, distributes, imports, and sells tobacco products and other related products throughout the United States and internationally.  Starbuzz also distributes and sells tobacco alternative products, such as electronic cigarettes, and other related products throughout the United States and internationally.  Starbuzz prides itself on its reputation for high-quality products.  Starbuzz's continued goal is to develop new and popular tobacco, tobacco alternatives, and other related products while preserving the quality of its products and brand identity.

28.     Starbuzz sells its products to thousands of customers and clients, including boutique stores, wholesalers, and suppliers.  Starbuzz has used, created, and marketed under the Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress continuously over the years.  The Starbuzz Marks, Copyrighted Design, and

Starbuzz Trade Dress have brought Starbuzz enormous success, and Starbuzz is now known for its high quality products.

29.     Starbuzz uses the Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress on advertising brochures, advertising leaflets, on the Internet, and on the packaging of its products.  Therefore, Starbuzz's intellectual property and brand identity have substantial image recognition.

30.     The Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress are important as they serve as easily-recognizable identifiers of the high quality goods and services that Starbuzz offers.  There is a particularly close association among consumers between Starbuzz, the Starbuzz Marks, the Copyrighted Design, the Starbuzz Trade Dress and the quality of the products and services offered under that intellectual property.  For consumers, customers, vendors, and clients, the Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress are associated with original, flavorful, and smooth smoking tobacco, tobacco alternatives, and related products of the highest quality at an affordable price.

**<u>DEFENDANTS' WRONGFUL ACTS</u>**

<u>TRADEMARK INFRINGEMENT</u>

31.     Starbuzz is informed and believes, and on that basis alleges, that the Defendants are using, displaying, and selling products bearing the infringing marks AQUA MIST, CITRUS MIST, COCONUT JUMBO, DOUBLE APPLE, WILD

BERRY, WILD BERRY MINT, FREEZE GRAPE, FUZZY LEMONADE, IRISH

CREAM, OCEAN BREEZE, ROSE, SAFARI MELON DEW, SKY SPECIAL,

WHITE PEACH, X ON THE BEACH, POLAR BEAR, SKYHIGH TOBACCO

SINCE 2008 and SKYHIGH TOBACCO (collectively, "Infringing Marks") in this

judicial district.

32.     Starbuzz is informed and believes, and on that basis alleges, that the

Defendants intentionally adopted, used, and/or sold products bearing the Infringing

Marks in connection with, among other things, the sale of tobacco, flavored

tobacco, and hookah tobacco ("Infringing Products"), to falsely convey to

consumers, vendors, and third parties an association with Starbuzz, and to unfairly

trade and benefit from the reputation and goodwill of Starbuzz's business and the

Starbuzz Marks.

33.     Specifically, Starbuzz is informed and believes, and on that basis

alleges, that the Defendants have sold and advertised, and are currently selling and

advertising, the Infringing Products in Michigan via the Skyhigh Tobacco Shop

located at 25305 Warren St., Dearborn Heights, Michigan, 48127, and through the

Skylounge café located at 13209 West Warren Ave., Dearborn, Michigan 48126.

True and correct copies of images showing Skyhigh flavored tobacco products on

sale at various locations is attached collectively hereto as **<u>Exhibit C</u>**.

34.    Starbuzz is informed and believes, and on that basis alleges, that the Defendants are aware of the Starbuzz Marks by virtue of Starbuzz's trademark registrations, Starbuzz's reputation in the tobacco market, and through Starbuzz's extensive sales of flavored tobacco products throughout the United States and all over the world.

35.    Starbuzz is informed and believes, and on that basis alleges, that despite this knowledge, the Defendants intentionally adopted and/or used the Infringing Marks to advertise, sell, and offer for sale the Infringing Products to deceive consumers into believing that the Infringing Products are produced and manufactured by Starbuzz, and to trade upon Starbuzz's goodwill.

36.    Starbuzz is informed and believes, and on that basis alleges, that the Defendants began using the Infringing Marks after Starbuzz began using the Starbuzz Marks in commerce.  Therefore, Starbuzz's rights in the Starbuzz Marks have priority over the Defendants' rights in the Infringing Marks.

<u>COPYRIGHT INFRINGEMENT</u>

37.    Starbuzz is informed and believes, and on that basis alleges, that Defendants have also adopted and sold Infringing Products in connection with the following infringing artwork (the "Infringing Design"):



38.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' Infringing Design improperly replicates the original expression of the Copyrighted Design.  The substantially similar design elements selected by Defendants include, without limitation, a red circular border, similarly stylized fonts, a ribbon in the lower portion of the foreground, words inscribed in the upper portion in a circular fashion, and various shading.

39.   Starbuzz is informed and believes, and on that basis alleges, that the Defendants were aware of the Copyrighted Design by virtue of Starbuzz's reputation in the tobacco market, and through Starbuzz's extensive sales of flavored tobacco products throughout the United States and all over the world.

40.   Starbuzz is informed and believes, and on that basis alleges, that despite this knowledge, the Defendants intentionally adopted and/or used the Infringing Design to advertise, sell, and offer for sale the Infringing Products to deceive consumers into believing that the Infringing Products are produced and manufactured by Starbuzz, and to trade upon Starbuzz's goodwill.

<u>TRADE DRESS INFRINGEMENT</u>

41.   The willful and intentional nature of Defendants' infringement is further evidenced through their selection of product packaging that purposefully mimics the Starbuzz Trade Dress.

42.   Starbuzz is informed and believes and on that basis alleges that Defendants' trade dress ("Infringing Trade Dress") replicates the font, colors, text style, packaging, product imaging, brand names, and artwork developed by Starbuzz in connection with the Starbuzz Trade Dress.  An image of a side-by-side comparison showing the Starbuzz Trade Dress and the Infringing Trade Dress is attached hereto as **<u>Exhibit D</u>.**

43.   Starbuzz is informed and believes, and on that basis alleges, that despite this knowledge, the Defendants intentionally adopted and/or used the Infringing Trade Dress on product packaging for the Infringing Products in an effort to deceive consumers into believing that the Infringing Products are produced and manufactured by Starbuzz, and to trade upon Starbuzz's goodwill.

**<u>Defendants' Use of the Infringing Marks, Infringing Design, and Infringing Trade Dress is Likely to Cause Consumer Confusion.</u>**

44.   Defendants' continued sale and distribution of the Infringing Products using the Infringing Marks, Infringing Design, and Infringing Trade Dress (collectively, the "Infringing IP") is likely to cause consumer confusion.

45.   Starbuzz is informed and believes, and on that basis alleges, that given the identical nature of the Starbuzz Products and the Infringing Products, and the similarity between the Infringing IP and the Starbuzz Marks, Copyrighted Design, and Starbuzz Trade Dress (collectively, the "Starbuzz IP"), consumers are likely to be confused as to the source of the Starbuzz Products and the Infringing Products.

46.   Starbuzz is further informed and believes, and on that basis alleges, that the Defendants intentionally, and in bad faith, adopted and used the Infringing IP to trade upon the fame and goodwill associated with the Starbuzz IP to deceive consumers, vendors and third parties, to attract new business in competition to Starbuzz, and to derive an economic benefit therefrom.

47.   In addition, the Defendants knowingly used and continue to use the Infringing IP without Starbuzz's consent or authorization.

48.   The products that the Defendants offer under the Infringing IP are in the same category of products which Starbuzz offers under the Starbuzz IP. Therefore, the Defendants' uses are likely to cause consumer confusion.

49.   Starbuzz is further informed and believes, and on that basis alleges, that Starbuzz and the Defendants have convergent marketing channels since they sell and market products within the same geographic area.

50.   The Defendants' use of convergent marketing channels increases the likelihood of consumer confusion.

51.   The Defendants' continued use of the Infringing IP is thus likely to lead consumers, retailers, wholesalers, and vendors to mistakenly conclude that the Defendants' Infringing Products are affiliated, connected, or associated with Starbuzz.  Consumers are likely to be misled and confused as to the true source, sponsorship, or affiliation of the Infringing Products.

**FIRST CLAIM FOR RELIEF**
**[Trademark Infringement Under Lanham Act 15 U.S.C. § 1114]**
**(Against all Defendants)**

52.   Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 51, inclusive, of this Complaint as it fully set forth herein.

53.   Defendants' use of the Infringing Marks to promote, market, or sell Infringing Products constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

54.   Defendants have promoted, sold, and marketed, and continue to promote, sell, and market Infringing Products using Infringing Marks, which are identical or confusingly similar to the Starbuzz Marks.

55.   Starbuzz is informed and believes, and on that basis alleges, that its use of the Starbuzz Marks in commerce predates Defendants' use of the Infringing Marks in Commerce.

56.   The Starbuzz Marks are highly distinctive, arbitrary, and/or fanciful, and are entitled to strong trademark protection.

57.   Defendants continue to promote, sell, and market the Infringing Products under the Infringing Marks in direct competition with Starbuzz's Products under the Starbuzz Marks. Defendants therefore use the Infringing Marks on the same, related, or complementary category of goods as Starbuzz.

58.   Defendants' Infringing Marks are so similar in appearance, pronunciation, meaning, and commercial impression to the Starbuzz Marks that consumers are likely to be confused at the source of the parties' products.

59.   Starbuzz is informed and believes, and on that basis alleges, that Defendants market and sell their products in Michigan through the use of Defendants' hookah lounge, Sky Lounge, and through the Skyhigh Tobacco Smoke Shop.  These are the same types of channels through which Starbuzz markets and sells its goods.

60.   Starbuzz is informed and believes, and on that basis alleges, that Defendants intentionally and willfully adopted the Infringing Marks in an effort to deceive or cause confusion with the consuming public.

61.   Defendants' attempts to cause confusion, cause mistake, or to deceive further indicate an intentional and willful infringement upon the Starbuzz Marks.

62.   By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Starbuzz

and to the public.  Defendants have benefited from such unlawful conduct and will

continue to carry out such unlawful conduct and to be unjustly enriched thereby

unless enjoined by this Court.

63.   As a proximate and direct result of Defendants' acts as herein alleged,

Starbuzz has sustained damages in an amount to be proven at trial.

64.   Defendants are directly, contributorily and/or vicariously liable for

these actions.

### SECOND CLAIM FOR RELIEF
**[Trademark Infringement-False Designation of Origin Under Lanham Act 15
U.S.C. § 1125(a)(1)(A)]
(Against all Defendants)**

65.   Starbuzz re-alleges and incorporates by this reference paragraphs 1

through 64, inclusive, of this complaint as if fully set forth herein.

66.   In connection with Infringing Products, Defendants knowingly and

willfully used in commerce, words, terms, names, symbols, or devices, or a

combination thereof, which are likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of Defendants with

Starbuzz, or as to the origin, sponsorship, or approval of Defendants' goods.

67.   Starbuzz is informed and believes, and on that basis alleges, that

Defendants willfully and intentionally created a false or misleading affiliation,

connection, or association between Defendants' goods and Starbuzz's goods.

68.   Starbuzz is informed and believes, and on that basis alleges, that

Defendants adopted words, terms, names, symbols, or devices, or a combination thereof, which are similar to the Starbuzz Marks, or willfully and intentionally marketed its goods and services with words, terms, names, symbols, or devices, or a combination thereof, similar to the Starbuzz Marks.

69.   Starbuzz is informed and believes, and on that basis alleges, that Defendants aforesaid acts were done with knowledge of the Starbuzz Marks, and the knowledge that use of such words, terms, names, symbols, or devices, or a combination thereof, was misleading.

70.   Defendants' intentional and willful infringement of the Starbuzz Marks has caused and will continue to cause damage to Starbuzz and is causing irreparable harm to Starbuzz for which there is no adequate remedy at law.

71.   Starbuzz was damaged by these acts in an amount to be proven at trial.  Defendants' actions have caused and will continue to cause irreparable harm to Starbuzz for which there is no adequate remedy at law. Thus, Starbuzz is also entitled to injunctive and equitable relief against Defendants under the Lanham Act.

72.   Defendants are directly, contributorily and/or vicariously liable for these actions.

/ / /

## THIRD CLAIM FOR RELIEF
## [Common Law Trademark Infringement and Unfair Competition]
## (Against all Defendants)

73.   Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 72, inclusive, of this Complaint as if fully set forth herein.

74.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' aforesaid acts constitute actionable wrongs under the common law in that Defendants' use of the Infringing Marks constitute an infringement and violation of Starbuzz's rights in its trademarks.

75.   Defendants' actions further create a likelihood that Starbuzz's customers, potential customers, and the public generally will be confused as to the source of goods and services because they are likely to believe that Defendants' products are identical to or affiliated with that of Starbuzz, when in fact they are not.

76.   By reason of the foregoing unlawful acts, Defendants have caused and continue to cause, substantial and irreparable damage and injury to Starbuzz and to the public.  Defendants have benefitted from such unlawful conduct and will continue to carry out such unlawful conduct and to be unjustly enriched thereby unless enjoined by this Court.

77.   As a proximate and direct result of Defendants acts as herein alleged, Starbuzz has sustained damages in an amount to be proven at trial. Defendants are

directly, contributorily and/or vicariously liable for these actions.

## FOURTH CLAIM FOR RELIEF
### [Trade Dress Infringement Under 15 U.S.C. § 1125(a)]
### (Against all Defendants)

78.   Starbuzz re-alleges and incorporates by this reference paragraphs 1
through 77, inclusive, of this complaint as if fully set forth herein.

79.   Starbuzz has developed rights in the Starbuzz Trade Dress through
consistent and continuous use in commerce. The Starbuzz Trade Dress is
distinctive and non-functional in the tobacco market and has become recognized by
consumers associated with the Starbuzz tobacco products.  The Starbuzz Trade
Dress has thus obtained secondary meaning.

80.   Starbuzz is informed and believes, and on that basis alleges, that
Defendants have been using, selling, promoting, and marketing the confusingly
similar Infringing Trade Dress on their tobacco and tobacco related products.  The
package and design elements of the Infringing Trade Dress are confusingly similar
to the Starbuzz Trade Dress.

81.   Defendants' actions were done without the consent of Starbuzz and
constitute false and misleading use in commerce of the Starbuzz Trade Dress.
Such actions have caused and are likely to cause confusion, mistake, or deception
as to the origin, sponsorship, or approval of the Infringing Trade Dress.

82.   Defendants' use of any or all of the Infringing Trade Dress is likely to

cause consumers to believe that the Infringing Products originated with, or is affiliated with, the Starbuzz tobacco and tobacco product lines.  Defendants' actions constitute trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a).

83.   Starbuzz is informed and believes, and on that basis alleges, that Defendants adopted the Infringing Trade Dress for their tobacco and tobacco-related products with the express intent to confuse, mislead, or deceive the public as to the origin of Defendants' products.

84.   As a direct and proximate result of Defendants' actions, Starbuzz and has been irreparably damaged in an amount to be proven at trial.

85.   Unless Defendants are enjoined from using the Infringing Trade Dress, or any other trade dress which is confusingly similar to the Starbuzz Trade Dress, Starbuzz will continue to be irreparably damaged.

86.   Defendants are directly, contributorily and/or vicariously liable for these actions.

## FIFTH CLAIM FOR RELIEF
### [Unfair Competition - Violation of the Michigan Consumer Protection Act, Michigan Compiled Laws §445.901, et seq.]
### (Against all Defendants)

87.   Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 86, inclusive, of this Complaint as if fully set forth herein.

88.   Plaintiff is informed and believes, and on that basis alleges, that

Defendants' aforesaid acts constitute actionable wrongs under Michigan Compiled Laws § 445.901 et seq. in that Defendants' use of the Infringing Marks and Infringing Trade Dress cause a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services.

89.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' use further constitutes actionable wrongs by representing that such goods and services have sponsorship, approval, or characteristics that they do not in fact have.

90.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' use also constitutes actionable wrongs by representing that their goods or services possess the same or similar standards, qualities, or grades as Starbuzz's goods or services, although they are in fact of another.

91.   Starbuzz is informed and believes, and on that basis alleges, that Defendants' use also constitutes actionable wrongs by disparaging the goods, services, business, or reputation of Plaintiff by false or misleading representation of fact.

92.   By reason of the foregoing unlawful acts, Defendants have caused, and continue to cause, substantial and irreparable damage and injury to Plaintiff and to the public. Defendants have benefited from such unlawful conduct, and will

continue to carry out such unlawful conduct and be unjustly enriched thereby unless enjoined by this Court.

93.   As a proximate and direct result of Defendants' acts as herein alleged, Plaintiff has sustained damages in an unascertained amount to be proven at trial.

94.   Defendants are directly, contributorily and/or vicariously liable for these actions.

## SIXTH CLAIM FOR RELIEF
## [Copyright Infringement]
## (Against all Defendants)

95.   Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 94, inclusive, of this Complaint as if fully set forth herein.

96.   The Copyrighted Design consists of wholly original material and is copyrightable subject matter under the copyright laws of the United States.

97.   Starbuzz, its Copyrighted Design, and the business of Starbuzz are known to Defendants.

98.   Starbuzz has not licensed or otherwise authorized Defendants to sell and distribute, or publicly display, products bearing the Copyrighted Design, or any works that are substantially similar to the Copyrighted Design.

99.   Defendants have engaged in the sale and distribution and display of products bearing the Infringing Design, which is substantially similar to the Copyrighted Design.

100.  Starbuzz is informed and believes, and on that basis alleges, that Defendants intentionally adopted the Infringing Design with the knowledge of Starbuzz's rights to the Copyrighted Design in an attempt to target Starbuzz's customers and create the impression of an association between Defendants and Starbuzz, or an endorsement by Starbuzz of Defendants and/or Defendants' products.

101.  Starbuzz is informed and believes, and on that basis alleges, that Defendants have refused to acknowledge Starbuzz's rights or cease their infringing activities.

102.  Defendants are infringing upon the Copyrighted Design in violation of the Copyright Act, 17 U.S.C. §101, et seq., by distributing, publicly displaying, offering for sale, and/or selling Infringing Products bearing the Infringing Design, which incorporate the design elements of the Copyrighted Design.

103.  Starbuzz is informed and believes, and on that basis alleges, that Defendants' distribution, display, and sale of Infringing Products bearing the Infringing Design was deliberate, willful, malicious, oppressive, and without regard to Starbuzz's intellectual property rights.

104.  Defendants' copyright infringement has caused, and will continue to cause, Starbuzz to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Copyrighted Design, and has further damaged

Starbuzz's business reputation and goodwill, diverted its trade, and caused loss of profits, in an amount to be determined at trial.

105.  Starbuzz is informed and believes, and on that basis alleges, that Defendants began their infringing activities after January 30, 2013, the effective registration date of the Copyrighted Design.

106.  Since Defendants committed its infringing acts after the anticipated effective registration date of the Copyrighted Design, Starbuzz is entitled to receive for each act of infringement, at its option, the profits made by Defendants from their wrongful acts or statutory damages, in an amount provided by law, pursuant to 17 U.S.C. § 504.

107.  By virtue of Defendants committing its infringing acts after the effective registration date of the Copyrighted Design, Starbuzz is further entitled to attorney's fees it has and will incur in enforcing its copyrights.

108.  Defendants' copyright infringement, and the threat of continuing infringement, has caused, and continues to cause, substantial and irreparable damage and injury to Starbuzz.  Thus, Starbuzz is also entitled to injunctive and equitable relief against Defendants under 17 U.S.C. § 502, and to order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the Infringing Design be seized, impounded and destroyed.

109.  Defendants are directly, contributorily and/or vicariously liable for these actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, as follows:

## ON THE FIRST, SECOND, AND THIRD CLAIMS

1.     Issue a permanent injunction, enjoining and prohibiting Defendants, or their agents, servants, employees, officers, attorneys, successors and assigns, and all others in active concert or participation with Defendants from:

A.     Using the Infringing Marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of any products or services;

B.     Infringing on the Starbuzz Marks;

C.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) to (B) above.

2.     Order Defendants, and their agents, servants, and employees and all persons acting in concert with or for them, to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing

under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.      Order Defendants and their agents, servants and employees and all persons acting in concert with or for them, to deliver up and destroy any and all infringing materials including tobacco, labels, advertising, website links, and literature bearing the infringing designations;

4.      Order an award of damages in an amount to be determined at trial;

5.      Order an award of the attorney fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117 and other applicable federal and state law;

6.      Order requiring Defendants to disgorge any and all profits received by their use of Starbuzz's intellectual property;

7.      Order an award of treble damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117(b);

8.      Order an award for the maximum statutory damages permitted per type of goods or services sold, offered for sale, or distributed using Plaintiff's intellectual property pursuant to 15 U.S.C. § 1117(c);

10.     Order an award of punitive damages to be determined at trial;

11.     Such additional and further relief which the court deems just and proper.

## ON THE FOURTH CLAIM

1.      An Order finding that Defendants have infringed Starbuzz's intellectual property rights;

2.      An Order requiring Defendants to account for and disgorge any and all profits received by the use of Starbuzz's intellectual property pursuant to 15 U.S.C. § 1117(a)(1);

3.      An award of the attorneys' fees and costs of this action, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117(a)(3) and other applicable federal and state law;

4.      An Order directing the recall from the marketplace and destruction of any materials bearing Starbuzz's Trade Dress, or any confusingly similar designs, in any manner, being used, or intended to be used, for purposes of advertising or selling, or soliciting purchases of Infringing Products, or services related to Infringing Products and other unauthorized products, or products sold in the course of providing such services, or any related activities, pursuant to 15 U.S.C. § 1118;

5.      A preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, enjoining and prohibiting Defendants and any of Defendants' employees, servants, and agents and all persons in active concert or participation with any of them from:

A.      Using Starbuzz's trade dress, or any confusingly similar designs, in any manner, on or in unauthorized products, merchandise, or goods, or for purposes of advertising, selling, or soliciting purchases of, unauthorized products or merchandise;

B.      Infringing on Starbuzz's trademarks;

C.      Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above;

6.      An Order requiring Defendants and any of Defendants' employees, servants, and agents and all persons acting in concert with or for them, to file with this Court and serve on Starbuzz, within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the applicable injunction, pursuant to 15 U.S.C. § 1116;

7.      Pre-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

8.      Any other or further relief that the Court deems appropriate, proper, and just.

## ON THE FIFTH CLAIM

1.      Order an award for actual damages according to proof;

2.      Order an award for special damages according to proof;

3.      A preliminary and permanent injunction enjoining Defendants and their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using Plaintiff's trademarks or trade name, or any confusingly similar marks or trade name, including, but not limited to, the Infringing Marks and the Starbuzz Marks, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, or any related activities;

4.      An Order directing the destruction of Defendants' materials bearing Plaintiff's trademarks or trade name, or any confusingly similar marks or trade name, including, but not limited to, the Infringing Marks and Starbuzz Marks, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, or any related activities;

5.      An order directing the recall from the marketplace of all materials bearing Plaintiff's trademarks or trade name, identity, or any confusingly similar marks or trade name, including, but not limited to, the Infringing Products,

materials used to advertise the Infringing Products, and materials used to solicit purchases of the Infringing Products;

6.     An award granting Plaintiff monetary relief, including damages, Defendants' profits, and the costs of the action;

7.     Order an award for damages up to three times the amount of Defendants' profits derived from their infringement of Plaintiff's trade and service mark in accordance with Michigan State law;

8.     Order an award for damages up to three times the amount of Plaintiff's actual damages caused by Defendants' infringement of Plaintiff's trade and service mark;

9.     Order an award for statutory damages in an amount to be determined at trial;

10.    Order an award of attorney's fees and costs as allowed by state law; and

11.    Order an award of punitive damages to be determined at trial.

12.    Such additional and further relief which the court deems just and proper.

## ON THE SIXTH CLAIM

1.      An Order finding that Defendants have infringed Starbuzz's rights in the Copyrighted Design in violation of 17 U.S.C. § 501;

2.    An Order requiring Defendants to pay damages for their copyright infringement either as: (i) actual damages in an amount to be determined at trial together with Defendants' profits derived from their unlawful infringement of the Copyrighted Design; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Starbuzz's election prior to the entry of final judgment;

3.    An Order awarding Starbuzz its reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

4.    A preliminary and permanent injunction, enjoining and prohibiting Defendants and any of their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from:

A.    Copying, reproducing, duplicating, disseminating, distributing, or using infringing copies of the Copyrighted Design, or any design or work substantially similar to the Copyrighted Design; and

B.    Requiring Defendants to deliver to Starbuzz for destruction any and all packaging, advertising and promotional materials, and any and all Counterfeit Products embodying unauthorized copying of the original expressions contained in the Copyrighted Design;

5.      An Order that all Infringing Products be recalled, seized, impounded

and destroyed;

6.      A full and complete accounting of all financial books and records

necessary to determine the total profits received by Defendants from their

distribution and sale of the Infringing Products;

7.      Pre-judgment interest on any amounts awarded at the maximum legal

rate as permitted by law and equity; and

8.      Any other and further relief as the Court deems appropriate, proper

and just.


DATED: April 20, 2017                    Respectfully submitted,
                                         **THE PATEL LAW FIRM, P.C.**


                                         _____
                                         Natu J. Patel,
                                         Attorney for Plaintiff
                                         Starbuzz Tobacco, Inc.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff STARBUZZ TOBACCO, INC. hereby demands a trial by jury on all issues so triable by jury, as raised in the Complaint.

DATED: April  20, 2017

Respectfully submitted,
**THE PATEL LAW FIRM, P.C.**

_____
Natu J. Patel,
Attorney for Plaintiff
Starbuzz Tobacco, Inc.